FILED

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
VIBHAV MITTAL (Cal. State Bar No.: 257874)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office
    United States Courthouse
    411 W. Fourth Street, 8th Floor
    Santa Ana, California 92701
    Telephone:  (714) 338-3534
    Facsimile:  (714) 338-3708
    E-Mail: Vibhav.Mittal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2019 DEC 12  PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 19-00208-DOC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT YAOWALUCK PONGSAMART |
| v. | |
| YAOWALUCK PONGSAMART, | |
| Defendant. | |

    1.    This constitutes the plea agreement between YAOWALUCK PONGSAMART ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.    Defendant agrees to:

        a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with False Statements to Government Agency, in violation of 18 U.S.C. § 1001(a)(2).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3      d.    Except for criminal tax violations (including

4  conspiracy to commit such violations chargeable under 18 U.S.C.

5  § 371), not further criminally prosecute defendant for violations of

6  18 U.S.C. § 1920 and 18 U.S.C. § 1341 arising out of defendant's

7  conduct described in the agreed-to factual basis set forth in

8  paragraph 10 below.  Defendant understands that the USAO is free to

9  criminally prosecute defendant for any other unlawful past conduct or

10  any unlawful conduct that occurs after the date of this agreement.

11  Defendant agrees that at the time of sentencing the Court may

12  consider the uncharged conduct in determining the applicable

13  Sentencing Guidelines range, the propriety and extent of any

14  departure from that range, and the sentence to be imposed after

15  consideration of the Sentencing Guidelines and all other relevant

16  factors under 18 U.S.C. § 3553(a).

17      e.    Recommend that defendant be sentenced to a one-year

18  term of probation.

19                        NATURE OF THE OFFENSE

20  4.    Defendant understands that for defendant to be guilty of

21  the crime charged in the single-count information, that is, False

22  Statements to Government Agency, in violation of Title 18, United

23  States Code, Section 1001(a)(2), the following must be true:   (1) the

24  defendant made a false statement; (2) the statement was made in a

25  matter within the jurisdiction of the United States Postal Service-

26  Office of Inspector General ("USPS-OIG"); (3) the defendant acted

27  willfully; that is, the defendant acted deliberately and with

28  knowledge both that the statement was untrue and that her conduct was

                                3

1  unlawful; and (4) the statement was material to the activities or
2  decisions of the USPS-OIG; that is, it had a natural tendency to
3  influence, or was capable of influencing, the agency's decisions or
4  activities.

PENALTIES AND RESTITUTION

5  5.   Defendant understands that the statutory maximum sentence
6  that the Court can impose for a violation of Title 18, United States
7  Code, Section 1001(a)(2), is: five years of imprisonment; a three-
8  year period of supervised release; a fine of $250,000 or twice the
9  gross gain or gross loss resulting from the offense, whichever is
10  greatest; and a mandatory special assessment of $100.

6.   Defendant understands that defendant will be required to
pay full restitution to the victim(s) of the offense to which
defendant is pleading guilty.  Defendant agrees that, in return for
the USAO's compliance with its obligations under this agreement, the
Court may order restitution to persons other than the victim(s) of
the offense to which defendant is pleading guilty and in amounts
greater than those alleged in the count to which defendant is
pleading guilty.  In particular, defendant agrees that the Court may
order restitution to any victim of any of the following for any
losses suffered by that victim as a result: (a) any relevant conduct,
as defined in U.S.S.G. § 1B1.3, in connection with the offense to
which defendant is pleading guilty; and (b) any charges not
prosecuted pursuant to this agreement as well as all relevant
conduct, as defined in U.S.S.G. § 1B1.3, in connection with those
charges.  The parties currently believe that the applicable amount of
restitution is approximately $82,000, but recognize and agree that

1  this amount could change based on facts that come to the attention of
2  the parties prior to sentencing.

3      7.   Defendant understands that supervised release is a period
4  of time following imprisonment during which defendant will be subject
5  to various restrictions and requirements.  Defendant understands that
6  if defendant violates one or more of the conditions of any supervised
7  release imposed, defendant may be returned to prison for all or part
8  of the term of supervised release authorized by statute for the
9  offense that resulted in the term of supervised release, which could
10 result in defendant serving a total term of imprisonment greater than
11 the statutory maximum stated above.

12     8.   Defendant understands that, by pleading guilty, defendant
13 may be giving up valuable government benefits and valuable civic
14 rights, such as the right to vote, the right to possess a firearm,
15 the right to hold office, and the right to serve on a jury.
16 Defendant understands that she is pleading guilty to a felony and
17 that it is a federal crime for a convicted felon to possess a firearm
18 or ammunition.  Defendant understands that the conviction in this
19 case may also subject defendant to various other collateral
20 consequences, including but not limited to revocation of probation,
21 parole, or supervised release in another case and suspension or
22 revocation of a professional license.  Defendant understands that
23 unanticipated collateral consequences will not serve as grounds to
24 withdraw defendant's guilty plea.

25     9.   Defendant and her counsel have discussed the fact that, and
26 defendant understands that, if defendant is not a United States
27 citizen, the conviction in this case makes it practically inevitable
28 and a virtual certainty that defendant will be removed or deported

1   from the United States.   Defendant may also be denied United States

2   citizenship and admission to the United States in the future.

3   Defendant understands that while there may be arguments that

4   defendant can raise in immigration proceedings to avoid or delay

5   removal, removal is presumptively mandatory and a virtual certainty

6   in this case.   Defendant further understands that removal and

7   immigration consequences are the subject of a separate proceeding and

8   that no one, including her attorney or the Court, can predict to an

9   absolute certainty the effect of her conviction on her immigration

10  status.   Defendant nevertheless affirms that she wants to plead

11  guilty regardless of any immigration consequences that her plea may

12  entail, even if the consequence is automatic removal from the United

13  States.

14                          FACTUAL BASIS

15       10.   Defendant admits that defendant is, in fact, guilty of the

16  offense to which defendant is agreeing to plead guilty.   Defendant

17  and the USAO agree to the statement of facts provided below and agree

18  that this statement of facts is sufficient to support a plea of

19  guilty to the charge described in this agreement and to establish the

20  Sentencing Guidelines factors set forth in paragraph 12 below but is

21  not meant to be a complete recitation of all facts relevant to the

22  underlying criminal conduct or all facts known to either party that

23  relate to that conduct.

24       In June 2004, defendant began working for the United States

25  Postal Service.   In August 2014, the United States Department of

26  Labor, Office of Workers' Compensation Programs ("DOL") accepted

27  defendant's claim for a traumatic injury on June 16, 2014, related to

28  her hand, wrist, and shoulder, when she was a mail carrier.   Between

2014 and 2017, defendant submitted over 40 claim forms with DOL related to this injury.  In each of the claim forms, defendant was asked to report all earnings from employment outside of her federal job.  While receiving workers' compensation benefits, defendant had earnings from her restaurants, her container business, and her notary business (all of which were based in Orange County, California).  However, defendant did not disclose any earnings from employment outside of her federal job in the over 40 claim forms she submitted to DOL.  Between 2014 and 2017, defendant was paid approximately $82,000 for these workers' compensation claims.

USPS-OIG began investigating defendant in 2016 for workers' compensation fraud.  On October 18, 2017, in Orange County, California, defendant made false statements to USPS-OIG Special Agents.  In particular, defendant falsely stated that: (1) she never worked at the restaurants in Orange County, California that she owned; (2) she only went to the restaurants in Orange County, California that she owned at night when the restaurants were busy.  In fact, as defendant knew at the time she made the statements, defendant worked at her restaurants during the day time, including serving customers and taking and negotiating catering orders.  The statements were made in a matter within the jurisdiction of the USPS-OIG.  When making the statements to the USPS-OIG Special Agents, defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statements were untrue and that her conduct was unlawful.  The statements were material to the activities and decisions of the USPS-OIG; that is, they had a natural tendency to influence, and were capable of influencing, the agency's decisions or activities.

SENTENCING FACTORS

11.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1] |
| Loss More than $40,000 | 6 | [U.S.S.G. § 2B1.1(b)(1)(D)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1                  WAIVER OF CONSTITUTIONAL RIGHTS

2      15. Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4          a.    The right to persist in a plea of not guilty.

5          b.    The right to a speedy and public trial by jury.

6          c.    The right to be represented by counsel -- and if

7 necessary have the Court appoint counsel -- at trial. Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel -- and if necessary have the Court appoint

10 counsel -- at every other stage of the proceeding.

11          d.    The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14          e.    The right to confront and cross-examine witnesses

15 against defendant.

16          f.    The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19          g.    The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22          h.    Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25                WAIVER OF APPEAL OF CONVICTION

26      16. Defendant understands that, with the exception of an appeal

27 based on a claim that defendant's guilty plea was involuntary, by

28 pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is
pleading guilty.  Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17.  Defendant agrees that, provided the Court imposes a
sentence within or below the range corresponding to an offense level
of 8 and the criminal history category calculated by the Court,
defendant gives up the right to appeal all of the following: (a) the
procedures and calculations used to determine and impose any portion
of the sentence; (b) any term of imprisonment imposed by the Court;
(c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the following conditions of probation or supervised
release imposed by the Court: the conditions set forth in General
Order 18-10 of this Court; the drug testing conditions mandated by 18
U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use
conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided all portions of the sentence
are at or below the statutory maximum specified above, the USAO gives
up its right to appeal any portion of the sentence, with the

1 exception that the USAO reserves the right to appeal the amount of
2 restitution ordered.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

4    19.   Defendant agrees that if, after entering a guilty plea
5 pursuant to this agreement, defendant seeks to withdraw and succeeds
6 in withdrawing defendant's guilty plea on any basis other than a
7 claim and finding that entry into this plea agreement was
8 involuntary, then (a) the USAO will be relieved of all of its
9 obligations under this agreement; and (b) should the USAO choose to
10 pursue any charge that was either dismissed or not filed as a result
11 of this agreement, then (i) any applicable statute of limitations
12 will be tolled between the date of defendant's signing of this
13 agreement and the filing commencing any such action; and
14 (ii) defendant waives and gives up all defenses based on the statute
15 of limitations, any claim of pre-indictment delay, or any speedy
16 trial claim with respect to any such action, except to the extent
17 that such defenses existed as of the date of defendant's signing this
18 agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20    20.   Defendant agrees that if the count of conviction is
21 vacated, reversed, or set aside, both the USAO and defendant will be
22 released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

24    21.   This agreement is effective upon signature and execution of
25 all required certifications by defendant, defendant's counsel, and an
26 Assistant United States Attorney.

## BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

24.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

/s/ Vibhav Mittal                          December 9, 2019
_____     _____
VIBHAV MITTAL                       Date
Assistant United States Attorney

_____     _____
YAOWALUCK PONGSAMART                Date
Defendant                                  12/5/19.

_____     _____
DIANE BASS                          Date
Attorney for Defendant YAOWALUCK           12/5/19
PONGSAMART

1                        <u>CERTIFICATION OF DEFENDANT</u>

2       I have read this agreement in its entirety.  This agreement has

3 been read to me in Thai, the language I understand best.  I have had

4 enough time to review and consider this agreement, and I have

5 carefully and thoroughly discussed every part of it with my attorney.

6 I understand the terms of this agreement, and I voluntarily agree to

7 those terms.  I have discussed the evidence with my attorney, and my

8 attorney has advised me of my rights, of possible pretrial motions

9 that might be filed, of possible defenses that might be asserted

10 either prior to or at trial, of the sentencing factors set forth in

11 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

12 and of the consequences of entering into this agreement.  No

13 promises, inducements, or representations of any kind have been made

14 to me other than those contained in this agreement.  No one has

15 threatened or forced me in any way to enter into this agreement.  I

16 am satisfied with the representation of my attorney in this matter,

17 and I am pleading guilty because I am guilty of the charge and wish

18 to take advantage of the promises set forth in this agreement, and

19 not for any other reason.

20

21 YAOWALUCK PONGSAMART            Date

     Defendant                    12/15/19

22

23

24

25

26

27

28

CERTIFICATION OF INTERPRETER

I, _____, am fluent in the written and spoken English and Thai languages.  I accurately translated this entire agreement from English into Thai to defendant YAOWALUCK PONGSAMART on this date.

_____          _____
INTERPRETER                                   Date


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am YAOWALUCK PONGSAMART's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          Date  12/5/19
DIANE BASS
Attorney for Defendant YAOWALUCK
PONGSAMART

17

1

## CERTIFICATION OF INTERPRETER

2    I, _SUPACHAI PRASERTPHONG_, am fluent in the written and spoken English and

3    Thai languages.  I accurately translated this entire agreement from

4    English into Thai to defendant YAOWALUCK PONGSAMART on this date.

5

6    _____        _12-07-2019_
     INTERPRETER                       Date

7

8

9    ## CERTIFICATION OF DEFENDANT'S ATTORNEY

10        I am YAOWALUCK PONGSAMART's attorney.  I have carefully and

11   thoroughly discussed every part of this agreement with my client.

12   Further, I have fully advised my client of her rights, of possible

13   pretrial motions that might be filed, of possible defenses that might

14   be asserted either prior to or at trial, of the sentencing factors

15   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16   provisions, and of the consequences of entering into this agreement.

17   To my knowledge: no promises, inducements, or representations of any

18   kind have been made to my client other than those contained in this

19   agreement; no one has threatened or forced my client in any way to

20   enter into this agreement; my client's decision to enter into this

21   agreement is an informed and voluntary one; and the factual basis set

22   forth in this agreement is sufficient to support my client's entry of

23   a guilty plea pursuant to this agreement.

24

25   _____        _____
     DIANE BASS                        Date
26   Attorney for Defendant YAOWALUCK
     PONGSAMART

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          SA CR No.

11            Plaintiff,               I N F O R M A T I O N

12            v.                        [18 U.S.C. § 1001(a)(2): False
                                        Statements to Government Agency]
13   YAOWALUCK PONGSAMART,

14            Defendant.

15

16        The United States Attorney charges:

17                      [18 U.S.C. § 1001(a)(2)]

18        On or about October 18, 2017, in Orange County, within the

19   Central District of California, in a matter within the jurisdiction

20   of the executive branch of the government of the United States,

21   specifically, the United States Postal Service-Office of Inspector

22   General ("USPS-OIG"), defendant YAOWALUCK PONGSAMART knowingly and

23   willfully made the following materially false, fictitious, and

24   fraudulent statements and representations to the USPS-OIG:

25             a.    Defendant PONGSAMART falsely stated that she never

26   worked at the restaurants in Orange County, California that she

27   owned.  In fact, as defendant PONGSAMART knew at the time she made

28   the statement, defendant PONGSAMART worked at her restaurants during

1   the day time, including serving customers and taking and negotiating

2   catering orders.

3           b.    Defendant PONGSAMART falsely stated that she only went

4   to the restaurants in Orange County, California that she owned at

5   night when the restaurants were busy.  In fact, as defendant

6   PONGSAMART knew at the time she made the statement, defendant

7   PONGSAMART worked at her restaurants during the day time, including

8   serving customers and taking and negotiating catering orders.

9                                   NICOLA T. HANNA
                                    United States Attorney
10

11

12                                  BRANDON D. FOX
                                    Assistant United States Attorney
13                                  Chief, Criminal Division

14                                  BENJAMIN R. BARRON
                                    Assistant United States Attorney
15                                  Chief, Santa Ana Branch Office

16                                  VIBHAV MITTAL
                                    Assistant United States Attorney
17                                  Deputy Chief, Santa Ana Branch
                                       Office
18

19

20

21

22

23

24

25

26

27

28

                                    2