TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorneys
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    E-mail:   kristin.spencer@usdoj.gov
             melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>YAOWALUCK PONGSAMART,<br><br>    Defendant. | No. SA CR 19-208-DOC<br><br><u>GOVERNMENT'S TRIAL BRIEF</u><br><br>Trial Date: November 2, 2021<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the Hon.<br>             David O. Carter |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristin N. Spencer and Melissa S. Rabbani, hereby files its trial memorandum for the trial of defendant Yaowaluck Pongsamart.

    The government respectfully reserves the right to file

//

//

//

additional memoranda as may become appropriate during the course of trial.

Dated:  October 26, 2021            Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                    */s/ Melissa S. Rabbani*
                                    KRISTIN N. SPENCER
                                    MELISSA S. RABBANI
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**I.   STATUS OF THE CASE**

Defendant Yaowaluck Pongsamart ("defendant") is currently set for trial on November 2, 2021.  The estimated time for the trial is two court days.  Defendant is released on bond.  Trial by jury has not been waived.

The government expects to call four witnesses in its case-in-chief, including an expert witness from the United States Department of Labor ("DOL") who will testify concerning DOL's practices in evaluating claims for workers' compensation.

The government estimates the time of direct witness testimony as follows:

| Government Witness | Est. Time | Description of Testimony |
|---|---|---|
| Marcy Lyon | 30 mins | Department of Labor employee; will testify regarding defendant's workers' compensation claims and DOL's practices in evaluating such claims more generally |
| Jaquita Deter | 20 mins | Defendant's former supervisor at the United States Postal Service; will testify regarding defendant's workers' compensation claims |
| Special Agent Albert Nelson | 2 hours | Special Agent with United States Postal Service, Office of Inspector General ("USPS-OIG"); will testify regarding USPS-OIG's investigation into defendant's workers' compensation claims, including recorded interview of defendant |
| Detective Nicholas Kumkom | 25 mins | Detective with California Department of Insurance ("CDI"); will testify regarding undercover |

|  |  | investigation into defendant's workers' compensation claims, including recorded interview of defendant in the Thai language |
|---|---|---|

## II. THE INDICTMENT

Defendant is charged in an eight-count First Superseding Indictment with four counts of mail fraud, in violation of Title 18, United States Code, Section 1341, and four counts of false statements to obtain federal employees' compensation, in violation of Title 18, United States Code, Section 1920.

## III. FACTUAL SUMMARY AND STATEMENT OF CHARGES

The parties have agreed to the following factual summary and statement of charges for the Court to read to the jury:

This case concerns federal workers' compensation benefits for a United States Postal Service employee. Federal employees – that is, employees of federal government agencies – may be eligible for workers' compensation benefits through the Federal Employees' Compensation Act if they are injured on the job. These benefits are administered by the Department of Labor.

Defendant Yaowaluck Pongsamart began working as a USPS mail carrier in 2004. In approximately June 2014, defendant submitted a workers' compensation claim to the Department of Labor for an injury she said that she suffered as a mail carrier.

As a result of her June 2014 injury, USPS assigned defendant to "limited duty," which required her to work fewer than eight hours per day. In order to receive compensation for the hours she was unable to work, defendant regularly submitted claims for compensation to the

2

Department of Labor.  Between June 2014 and October 2017, defendant submitted approximately 41 claims to USPS and the Department of Labor.  In return, defendant received over $80,000 in compensation payments.  The claim forms defendant filled out asked her to report, among other things, any income or earnings she had received outside of her federal employment during the relevant period.

During this same period between June 2014 and October 2017, defendant also owned and worked at several businesses in Orange County.  These businesses included the Bangkok Corner restaurant in Costa Mesa, California, which defendant owned prior to June 2014, and the Thai Harbor restaurant in Huntington Beach, California, which defendant purchased in or around May 2015.  Defendant earned income from those businesses between June 2014 and October 2017.

The government alleges that defendant knowingly omitted information about her businesses from the claims in order to collect federal workers' compensation benefits to which she was not entitled.

Defendant has pleaded not guilty to the charges in the superseding indictment and is presumed innocent.  The government bears the burden of proving defendant guilty of each count beyond a reasonable doubt.

**IV. STATEMENT OF FACTS**

The government intends to prove the following facts at trial, among others:

On or about June 16, 2014, defendant submitted a workers' compensation claim to the Department of Labor for a purported traumatic injury she suffered as a mail carrier for the United States Postal Service.  On or about August 12, 2014, the Department of Labor accepted defendant's claim and notified her by letter.  In an

3

attachment to that letter, the Department of Labor informed defendant that she was required to report "any employment or employment activities" on any forms she submitted seeking compensation for lost wages.

On or about September 29, 2014, defendant submitted a workers' compensation claim for a purported occupational disease she suffered as a mail carrier for the United States Postal Service. On or about January 12, 2016, the Department of Labor accepted defendant's claim and notified her by letter. In an attachment to that letter, the Department of Labor again informed defendant that she was required to report "any employment or employment activities" on any forms she submitted seeking compensation for lost wages.

Between June 2014 and October 2017, defendant submitted more than 40 claims for lost wages to the Department of Labor, with each claim covering a different time period of roughly two weeks. Each claim form asked defendant whether she had "worked outside [her] federal job" for the period covered by the form, clarifying that defendant was required to report "any employment for which [she] received a salary, wages, income, sales commissions, piecework, or payment of any kind," including "self-employment, odd jobs, [and] involvement in business enterprises." On each claim form she submitted, defendant answered "No" to that question – despite the fact that, during each period in question, defendant worked at and earned money from businesses she owned and operated, including the Bangkok Corner restaurant in Costa Mesa, California, and the Thai Harbor restaurant in Huntington Beach, California. In total, as a result of her claims for lost wages, defendant received over $80,000 in workers' compensation.

Defendant's false statements and omissions were material. Had the Department of Labor known about defendant's work and earnings outside of her federal employment, before any compensation was paid, the Department of Labor would have assessed whether the compensation to be paid was the appropriate amount and would have investigated further whether the medical restrictions on defendant's employment with the Postal Service were appropriate.

Defendant knew that she was making false statements and omissions on her claim forms by omitting her work and earnings outside of her federal employment. Defendant made the false statements and omissions with the intent to defraud and cheat the federal government by obtaining compensation to which she was not entitled.

The eight counts in the First Superseding Indictment are based on four separate claims submitted:

**Counts One and Five**: On or about August 2, 2016, defendant submitted a claim for compensastion covering approximately the period between June 25, 2016, and July 30, 2016. In that claim, defendant falsely represented that she had not worked outside of her federal job during the period covered by the form. As a result, defendant caused a check in the amount of $2,779.20 to be mailed to her on or about August 19, 2016.

**Counts Two and Six**: On or about November 15, 2016, defendant submitted a claim for compensation covering approximately the period between September 5, 2016, and October 28, 2016. In that claim, defendant falsely represented that she had not worked outside of her federal job during the period covered by the form. As a result,

5

defendant caused a check in the amount of $4,028.37 to be mailed to her on or about December 2, 2016.

**Counts Three and Seven**: On or about May 22, 2017, defendant submitted a claim for compensation covering approximately the period between April 1, 2017, and April 28, 2017. In that claim, defendant falsely represented that she had not worked outside of her federal job during the period covered by the form. As a result, defendant caused a check in the amount of $1,647.12 to be mailed to her on or about June 9, 2017.

**Counts Four and Eight**: On or about June 5, 2017, defendant submitted a claim for compensation covering approximately the period between April 29, 2017, and May 26, 2017. In that claim, defendant falsely represented that she had not worked outside of her federal job during the period covered by the form. As a result, defendant caused a check in the amount of $2,255.94 to be mailed to her on or about June 23, 2017.

**V. CHARGED STATUTES AND ELEMENTS**

The violations charged in Counts One through Eight of the First Superseding Indictment, and the elements of those charges, are as follows:

**A. Counts One through Four**

Defendant is charged with four counts of mail fraud, in violation of Title 18, United States Code, Section 1341. The government must prove:

(1) Defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted

6

   facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

(2) The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

(3) Defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

(4) Defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

### B. Counts Five through Eight

Defendant is charged with five counts of false statements to obtain federal employees' compensation, in violation of Title 18, United States Code, Section 1920.  The government must prove:

(1) Defendant knowingly and willfully made a false statement or report to the Department of Labor, Office of Workers' Compensation Programs;

(2) The false statement or report was made in connection with an application for or receipt of federal workers' compensation benefits; and

(3) The false statement or report related to a material fact.

## VI. LEGAL AND EVIDENTIARY ISSUES

The parties have stipulated to the admissibility of much of the evidence the government intends to introduce in its case-in-chief, including video recordings of two conversations with defendant: an April 2017 conversation between defendant and an undercover agent, conducted in the Thai language, and an October 2017 interview between defendant and two USPS-OIG agents, conducted in English while agents

7

1 executed a search warrant at defendant's home.  Scrolling
2 transcriptions have been prepared for both conversations, with the
3 Thai-language conversation translated into English, and will appear
4 on screen as the videos play.  The government intends to introduce
5 six clips from the Thai-language conversation, totaling approximately
6 fifteen minutes; as set forth below, defendant disputes the
7 admissibility of just one of these clips.  The government also
8 intends to introduce an English-language transcript of the Thai-
9 language conversation.  As for the October 2017 English-language
10 interview, per defendant's motion and this Court's October 8 ruling,
11 the government intends to introduce the majority of the interview,
12 unedited, totaling approximately 90 minutes.  See Dkt. 45.
13     The parties have also stipulated to the admissibility of other
14 government exhibits, including defendant's claims submitted to the
15 Department of Labor, correspondence sent from the Department of Labor
16 to defendant, summaries of the claims defendant submitted and
17 resulting payments she received, copies of the checks defendant
18 received, copies of defendant's tax returns for 2014-2017, and
19 photographic and video surveillance of defendant working at her
20 restaurants.
21     Defense counsel has indicated that he may call one or more
22 character witnesses as part of the defense's case, presumably to
23 testify regarding the defendant's reputation for honesty.  The
24 government reserves the right to cross-examine those witnesses
25 regarding defendant's reputation, including regarding any specific
26 instances of dishonesty, as well as the right to introduce evidence
27 on rebuttal that defendant does not have a reputation for honesty.
28 See Fed. R. Evidence 405(a); 404.

8

At present, the government is aware of only two evidentiary disputes between the parties: first, whether the government may introduce defendant's statements made to an undercover agent (in the course of the Thai-language conversation referenced above) regarding cash payments made to employees that were not reported to the Internal Revenue Service, and second, whether defendant may introduce as evidence, and/or use for impeachment, a January 2019 report of USPS-OIG's investigation into defendant's workers' compensation claim.  The government filed motions <u>in limine</u> addressing those issues on October 22, 2021, and the government understands that the Court intends to rule on the motions on the first day of trial.  <u>See</u> Dkts. 49, 50.