TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
    U.S. ATTORNEY'S OFFICE
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    E-mail:   kristin.spencer@usdoj.gov
              melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>YAOWALUCK PONGSAMART,<br><br>        Defendant. | No. SA CR 19-208-DOC<br><br>GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT YAOWALUCK PONGSAMART<br><br>Hearing Date: March 8, 2022<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the<br>                  Hon. David O. Carter |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kristin N. Spencer and Melissa S. Rabbani, hereby files its sentencing position as to Yaowaluck Pongsamart.

    The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR"), the attached exhibits,

and any other evidence or argument that the Court may wish to consider at the time of sentencing.

Dated: March 7, 2022                   Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       Kristin N. Spencer
                                       Melissa S. Rabbani
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On November 4, 2021, following a three-day jury trial, defendant Yaowaluck Pongsamart ("defendant") was found guilty on all counts of the First Superseding Indictment in this case, which charged her with four counts of Mail Fraud in violation of 18 U.S.C. § 1341 and four counts of False Statements to Obtain Federal Employees' Compensation in violation of 18 U.S.C. § 1920.  On February 7, 2022, the United States Probation Office ("USPO") filed its Presentence Report ("PSR") (Dkt. No. 79) and recommendation ("Recommendation Letter") (Dkt. No. 78).

In the PSR, the USPO found that defendant's combined adjusted offense level is 13, and that defendant is in criminal history category I, yielding a Guidelines range of 12 to 18 months imprisonment and a fine range of from $5,500 to 55,000.  (PSR ¶¶ 33, 108, 120.)  The USPO recommended: (1) a total fine of $9,000 consisting of a fine of $1,125 on each count; (2) no term of imprisonment; (3) a two-year term of probation, including 50 hours of community service; (4) restitution in the amount of $ 81,611.75; and (5) a special assessment of $800.  (Recommendation Letter at 1-2.)

The government agrees with the USPO's calculation of the total applicable offense level and criminal history category.  The government further concurs with the USPO's sentencing recommendation in its entirety.

**II.  FACTUAL BACKGROUND**

Defendant Yaowaluck Pongsamart began working as a USPS mail carrier in 2004.  (PSR ¶ 7.)  In approximately June 2014, defendant submitted a workers' compensation claim to DOL-OWCP for a purported

traumatic injury she suffered as a mail carrier.  That claim was accepted by DOL-OWCP in approximately August 2014.  (PSR ¶ 8.)  In approximately September 2014, defendant submitted a second workers' compensation claim to DOL-OWCP for a purported occupational disease she suffered as a mail carrier.  That claim was accepted by DOL-OWCP in approximately January 2016.  (PSR ¶ 9.)

As a result of her June 2014 injury, USPS assigned defendant to "limited duty," which required her to work fewer than eight hours per day.  (PSR ¶ 8.)  In order to receive compensation for the hours she was unable to work, defendant regularly submitted CA-7 claims for compensation to USPS and DOL-OWCP, which required defendant to disclose whether she had any employment outside her federal job.  (PSR ¶ 8.)  Between June 2014 and October 2017, defendant submitted approximately 41 CA-7 claims to USPS and DOL-OWCP.  (PSR ¶ 10.)

Between June 2014 and October 2017, defendant also owned and worked at several businesses in Orange County.  These businesses included the Bangkok Corner restaurant in Costa Mesa, California, which she owned prior to June 2014, and the Thai Harbor restaurant in Huntington Beach, California, which she purchased in approximately May 2015.  (PSR ¶ 11.)  Defendant did not report any income from these or any other businesses on any of the CA-7 claims she submitted to USPS and DOL-OWCP.  Specifically, in response to the question "Have you worked outside your federal job for the period(s) claimed in Section 2?" defendant checked "no" on each and every CA-7 form she submitted.  (PSR ¶ 10.)

As a result of defendant's fraudulent reporting, defendant was paid $81,611.75 to which she was not entitled.  (PSR ¶ 12.)

**III. THE GOVERNMENT'S POSITION -- A SENTENCE OF PROBATION IS REASONABLE AND APPROPRIATE PURSUANT TO THE 3553(A) FACTORS**

The government concurs in the USPO's sentencing recommendation of (1) a total fine of $9,000 consisting of a fine of $1,125 on each count; (2) no term of imprisonment; (3) a two-year term of probation, including 50 hours of community service; (4) restitution in the amount of $81,611.75; and (5) a special assessment of $800.

The government agrees that based on defendant's history--including the facts that she has no criminal history and has a history of stable employment and strong family ties to the community--a sentence of probation and community service, combined with the imposition of a fine, will provide adequate deterrence in this case.

The government respectfully requests that the Court order restitution in the amount of $81,611.75, which is the full amount defendant was overpaid from June 2014 to October 2017. Defendant notes that on July 21, 2020, the United States Department of Labor determined that between April 1, 2015, and December 31, 2016, defendant was overpaid $40,686.93. See Def. Sentencing Brief, Ex. A (the "DOL Letter"). The government does not dispute that calculation for the 21-month time period covered by the DOL Letter, but maintains that the restitution amount in this case should be the amount that defendant was overpaid for the duration of her fraudulent scheme, which was $81,611.75.

The government supports the imposition of a fine in addition to an order of restitution. While the purpose of restitution is to make the victim whole, a fine is intended to be punitive. The government

agrees that a total fine of $9,000 would be an appropriate punishment in this case.

**IV.  CONCLUSION**

For the reasons stated above, the government respectfully requests that court impose a sentence of (1) a total fine of $9,000 consisting of a fine of $1,125 on each count; (2) no term of imprisonment; (3) a two-year term of probation, including 50 hours of community service; (4) restitution in the amount of $81,611.75; and (5) a special assessment of $800.